# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY CANADA, | : : : |
| Plaintiff, | : : |
| v. | : C.A. No. 17-75-LPS : |
| U.S. BANK NATIONAL ASSOCIATION, as Securities Intermediary, | : : : |
| Defendant. | : : |

Thomas J. Francella, Gregory F. Fischer, COZEN O'CONNOR, Wilmington, DE

Michael J. Miller, Charles J. Vinicombe, Barry Golob, Daniel P. Thiel, Lezlie Madden, Kristin Parker, COZEN O'CONNOR, Philadelphia, PA

    Attorneys for Plaintiff


David J. Baldwin, POTTER ANDERSON & CORROON LLP, Wilmington, DE

John E. Failla, Nathan Lander, Elise A. Yablonski, PROSKAUER ROSE LLP, New York, NY

    Attorneys for Defendant

## MEMORANDUM OPINION

May 9, 2019
Wilmington, Delaware

## I. INTRODUCTION

Pending before the Court is Defendant's motion to reconsider (D.I. 197) the Court's February 25, 2019 Opinion and Order (D.I. 191-92), which granted (in part) Plaintiff's motion for summary judgment and declared a life insurance policy ("Policy") void *ab initio* as an illegal wagering contract under Delaware law. Also before the Court is Defendant's motion to file a reply in support of its motion for reconsideration. (D.I. 224) According to Defendant, the Court made a clear error of law by taking judicial notice of disputed facts that were material to the Court's decision. (*See* D.I. 197, 224) Plaintiff responds that the Court properly took judicial notice of indisputable facts, but even were this an error, the error was harmless, as those facts were not material. (*See* D.I. 208)

## II. LEGAL STANDARDS

"The purpose of a motion for reconsideration is to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Wood v. Galef-Surdo*, 2015 WL 479205, at *1 (D. Del. Jan. 26, 2015) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010)). "Reargument . . . may be appropriate where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension.'" *Id.* (quoting *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1241 (D. Del. 1990); D. Del. LR 7.1.5)). While the decision on a motion for reconsideration is within the discretion of the District

1

Court, such motions "should only be granted sparingly." *Kavanagh v. Keiper Recaro Seating, Inc.*, 2003 WL 22939281, at *1 (D. Del. July 24, 2003) (internal citation omitted).

## III. DISCUSSION

Defendant argues the Court committed legal error by taking judicial notice of the 2001 Origination Agreement ("Agreement"). (D.I. 197 at 4-5) Federal Rule of Evidence 201(b) permits a court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Under Federal Rule of Evidence 201(e), upon making a timely request, "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."[1]

The Court did not err by taking judicial notice of the Agreement because its existence and contents were not subject to reasonable dispute; they could be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Plaintiff attached an unexecuted copy[2] of the Agreement to its first motion for summary judgment (D.I. 132-2 at 5 (LAV3467563)), and Defendant did not contest the Agreement's existence or contents – until the present motion for reconsideration. (*See* D.I. 153 at 8-9; n.4) (Defendant arguing Agreement is irrelevant to this case, but not questioning its authenticity) To the contrary,

---

[1] Defendant has now indisputably had an opportunity to be heard through the motion for reconsideration and argument on April 30. (*See* D.I. 197 at 6 (Defendant stating that motion for reconsideration "affords an opportunity to be heard"); Tr. at 6)

[2] An executed copy of the Agreement can be found in the public record of *Sun Life Assurance Company of Canada v. U.S. Bank National Association*, No. 14-62610, D.I. 64-1 (S.D. Fla. Nov. 16, 2015) ("*Malkin*") (providing executed copy of Agreement); *see also Malkin*, D.I. 100 at 2 (S.D. Fla. Dec. 3, 2015) (defendant U.S. Bank contesting plaintiff's characterization of the Agreement, but not its existence or contents).

2

Defendant admitted in briefing that "*U.S. Bank is a party* to the proffered 'origination agreement' only in its capacity as the trustee of an entity known as Coventry Life Settlements Trust."[3] (*Id.* at 9) (emphasis added) In the Court's view, the existence and contents of the Agreement were never in dispute in this case and it was not improper to take judicial notice to that effect.

Defendant also argues the Court erred by taking judicial notice of facts in *Malkin*[4] and *Van de Wetering*[5] (D.I. 197 at 8), but the Court did no such thing. The Court did not rely on *Malkin* or *Van de Wetering* for the proposition that "Coventry arranged financing for numerous individuals . . . to procure high-value life insurance policies with little to no risk to the individuals" (D.I. 191 at 22), as this statement in the Court's opinion is supported by undisputed facts in the intrinsic record (D.I. 132-6 at 19-30; D.I. 132-7 (Sol's son testifying that Sol lacked financial means to procure Policy herself); *see also* D.I. 132-3 at 88-89, 95-96 (Spalding testifying that she had used Coventry's premium financing program in several other cases))

Instead, the Court cited generally to *Malkin* and *Van de Wetering* to support the proposition (also shown by undisputed facts in the record (D.I. 132-6 at 19-30; D.I. 132-7)) that "at least some [(i.e. at least Sol)] *appear* to have been financially strained" (D.I. 191 at 22)

---

[3] Defendant argues its representative capacity is legally distinct from its role as trustee under the Agreement, and it was improper to associate Defendant with the procurement of alleged wagering policies. (D.I. 197 at 4) In its February 25 Opinion (D.I. 191), the Court was only looking at whether *Coventry, LaSalle, and/or SFG* – the only parties involved at the time – procured the Policy in good faith, for lawful insurance purposes. (D.I. 191 at 18) The Court was not, as Defendant implies (D.I. 197 at 4, 7; D.I. 224-1 at 2), imputing knowledge or bad faith to Defendant for being party to the Agreement or for subsequently obtaining an interest in the Policy in a representative capacity.

[4] *Malkin*, 2016 WL 161598, at *17 (S.D. Fla. Jan. 14, 2016), *aff'd in part, rev'd in part and remanded*, 693 F. App'x 838 (11th Cir. 2017).

[5] *U.S. Bank Nat'l Ass'n v. Sun Life Assurance Co. of Canada*, 2016 WL 8116141, at *17 (E.D.N.Y Aug 30, 2016).

3

(emphasis added). The Court did not, as Defendant argues, adopt as an undisputed fact the financial state of the individuals in *Malkin* and *Van de Wetering*. (*See* D.I. 181 at 44-45) The Court's reference to *Malkin* and *Van de Wetering* neither invoked judicial notice nor was it improper.

But even if the Court had erred by taking judicial notice of the Agreement or citing *Malkin* and *Van de Wetering*, reconsideration is unwarranted because such error would have been harmless. Defendant argues that the Court's decision cannot stand without the alleged judicially noticed facts (D.I. 197 at 4, 10), and that these three documents colored the Court's entire view such that it is "impossible to unscramble the egg" (Tr. at 16). But the principal holding Defendant quotes (i.e., "a reasonable factfinder could only find that the third parties – Coventry, LaSalle, and/or SFG – did not act in good faith") (D.I 197 at 4, 9) (quoting D.I. 191 at 18) was made four pages ***before*** the mention of the Agreement, *Malkin* or *Van de Wetering*, and relied on undisputed facts in the record. The entire paragraph U.S. Bank targets could be stricken from the Opinion and the outcome would not be affected.[6]

## IV. CONCLUSION

Defendant's motion fails to demonstrate a clear error of law or fact that would warrant reconsideration of the Court's prior Opinion and Order. Therefore, the Court will deny the motion. An appropriate order follows.

---

[6] That the paragraph in question provides an additional (and unnecessary) basis for reaching the same holding the Court had already announced by that point in its Opinion is reflected in phrase which starts the paragraph: "Moreover, taking a wider view . . . ." (D.I. 191 at 22)

4