# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY CANADA, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 17-75-LPS |
| U.S. BANK NATIONAL ASSOCIATION, as Securities Intermediary, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this **9th** day of **May, 2019**:

Having reviewed the proposed final pretrial order ("PTO") (D.I. 236) filed by Counterclaim-Plaintiff U.S. Bank National Association ("U.S. Bank" or "Plaintiff") and Counterclaim-Defendant Sun Life Assurance Company of Canada ("Sun Life" or "Defendant"),[1]

**IT IS HEREBY ORDERED** that:

1. U.S. Bank's motion *in limine* ("MIL") No. 1, to preclude Sun Life from introducing evidence of misrepresentations in the Policy application and other alleged misconduct in connection with procuring the Policy, is DENIED. This evidence is relevant at least to Sun Life's defenses as part of Sun Life's explanation for why it took it so long to determine the Policy was STOLI (including "what Sun Life believed about the Policy in 2009

---

[1] As the only claims remaining for the potential jury trial scheduled for later this month are two of U.S. Bank's counterclaims – one alleging a violation of Massachusetts General Law ch. 93A, §§ 2(a), 11, and the other alleging promissory estoppel – the Court will adopt the parties' implicit understanding throughout the PTO and treat U.S. Bank as Plaintiff and Sun Life as Defendant.

As the parties' know, Sun Life's renewed motion for summary judgment on U.S. Bank's two counterclaims (D.I. 201) remains pending. The Court expects to resolve this motion (on which it heard oral argument on April 30) before the start of trial (May 20) but not before the pretrial conference ("PTO"), which will be held tomorrow. For purposes of the PTC and the instant Order, the Court and the parties must assume that trial will be held on both of U.S. Bank's counterclaims.

and later" (PTO at 39)) and deny the claim on the Policy. The Court disagrees with U.S. Bank's contention that "what Sun Life knew or was told when it first issued the Policy is simply irrelevant to what it knew and believed years later." (*Id.*) The probative value of this evidence is not substantially outweighed by any of the concerns of Federal Rule of Evidence 403. Sun Life will not be permitted to "inflame" or "distract" the jury (PTO at 40) by suggesting that U.S. Bank itself made any misrepresentations in connection with procurement of the Policy. (*See id.*, at 42) ("Sun Life has never contended, in any way, that U.S. Bank had any involvement with the fraud and misrepresentation that were made in the procurement of the Policy and there is zero risk that the jury will make any such conclusion."). Nor is the Court persuaded that "the jury will be sufficiently inflamed by the non-parties' conduct that it [will] ignore[] the evidence of Sun Life's misconduct." (*Id.* at 43)

2. U.S. Bank's MIL #2, to preclude Sun Life from introducing or referring to decisions from other cases, is GRANTED to the extent that the opinions in *Malkin* and *Van de Wetering* will not be admitted into evidence and DENIED to the extent the motion seeks to preclude any reference to these or other opinions. The evidence Sun Life seeks to introduce as to how the existence of the *Malkin* and *Van de Wetering* litigations and decisions help explain why and how it took so long for Sun Life to determine the Policy was a void wagering policy is probative and is not hearsay. However, admitting these opinions of other courts into evidence under the circumstances here (including allegations of widespread fraud) would create a risk of unfair prejudice to U.S. Bank and confusion of the jury that would substantially outweigh the probative value of the opinions themselves.

3. Sun Life's MIL #1, to exclude all evidence of Sun Life's alleged acts and omissions in connection with the Policy on the grounds that U.S. Bank's affirmative defenses

2

and counterclaims are not viable, is DENIED. Sun Life's motion appears to be a reiteration of its pending motion for summary judgment, which the Court will address in due course.

4. Sun Life's MIL #2, to exclude portions of testimony of William Sullivan, which Sun Life objects to as not based on personal knowledge and/or inconsistent with earlier statements made by Sullivan, is DENIED. Sun Life may cross-examine Sullivan and seek to undermine the credibility of the evidence he provided in his declaration and arguably omitted from his earlier deposition. Sun Life may also state objections to particular questions asked of Sullivan at trial, should it believe it has a good faith basis to do so.

5. U.S. Bank's objection at page 5 of the PTO is OVERRULED, although the Court's description of the case to the jury (in voir dire and the preliminary instructions) will not include any of the detail about which U.S. Bank is concerned.

6. With respect to each party's objections to deposition testimony to be offered by the opposing party (*see* PTO at 24-33), the parties shall be prepared to discuss at the PTC the timing and method they propose for reducing the universe of deposition designations and objections and how to provide the Court the materials it needs to resolve any remaining objections.

7. Any objection to admission of exhibits (PTO at 34) or use of demonstrative exhibits (PTO at 35) that is not raised with the Court on the morning that the exhibit or demonstrative is expected to be used will be deemed waived.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE