## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SUN LIFE ASSURANCE COMPANY       :
CANADA,                          :
                                 :
    Plaintiff/Counterclaim Defendant,    :
                                 :
v.                               :       C.A. No. 17-75-LPS
                                 :
U.S. BANK NATIONAL ASSOCIATION, as    :
Securities Intermediary,         :
                                 :
    Defendant/Counterclaim Plaintiff.    :

## FINAL JURY INSTRUCTIONS

## TABLE OF CONTENTS

1.   General Instructions .................................................................................................. 1
   1.1.   Introduction ..................................................................................................... 1
   1.2.   Jurors' Duties .................................................................................................. 2
   1.3.   Burdens of Proof ............................................................................................ 3
   1.4.   Evidence Defined ........................................................................................... 4
   1.5.   Direct and Circumstantial Evidence ............................................................. 5
   1.6.   Consideration of Evidence ............................................................................ 6
   1.7.   Statements of Counsel .................................................................................... 7
   1.8.   Credibility of Witnesses ................................................................................ 8
   1.9.   Number of Witnesses ..................................................................................... 9
   1.10.   Expert Witnesses ......................................................................................... 10
   1.11.   Deposition Testimony ................................................................................. 11
   1.12.   Demonstrative Exhibits .............................................................................. 12
   1.13.   Use of Notes ................................................................................................ 13
2.   The Parties and Their Contentions .......................................................................... 14
   2.1.   The Parties .................................................................................................... 14
   2.2.   The Parties' Contentions .............................................................................. 15
3.   Stipulations of Fact ................................................................................................. 16
4.   The Sol Policy ......................................................................................................... 17
5.   Chapter 93A Claim ................................................................................................. 18
   5.1.   Unfair or Deceptive Acts or Practices ........................................................ 18
   5.2.   Primarily and Substantially in Massachusetts ............................................ 20
   5.3.   Causation ...................................................................................................... 21
   5.4.   Damages ....................................................................................................... 22
   5.5.   Willfulness ................................................................................................... 23
6.   Promissory Estoppel ............................................................................................... 24
   6.1.   Elements of the Claim .................................................................................. 24
7.   Affirmative Defenses .............................................................................................. 25
   7.1.   Unclean Hands .............................................................................................. 25
   7.2.   Waiver ........................................................................................................... 26
8.   Applicable Law ....................................................................................................... 27
9.   Deliberations and Conduct of the Jury ................................................................... 28

9.1.  Introduction .................................................................................................. 28

9.2.  Unanimous Verdict ......................................................................................... 29

9.3.  Duty to Deliberate ......................................................................................... 30

9.4.  Social Media.................................................................................................... 31

9.5.  Court Has No Opinion.................................................................................... 32

1. **General Instructions**

   1.1. **Introduction**

   Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer.

   I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. Then I will explain the positions of the parties and the law you will apply in this case. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

   Please listen very carefully to everything I say.

   You will have your written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the questions that you must answer to decide this case.

## 1.2.    Jurors' Duties

You have two main duties as jurors. The first is to decide what the facts are from the evidence that you saw and heard in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way. You are the sole judges of the facts.

Your second duty is to take the law that I give you, apply it to the facts, and decide under the appropriate burden of proof which party should prevail on any given issue. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not guess or speculate, and do not let any bias, sympathy, or prejudice you may feel toward one side or the other influence your decision in any way.

### 1.3.    Burdens of Proof

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a case such as this, there are two different burdens of proof that are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence." I told you about these two standards of proof during my preliminary instructions and I will now remind you what they mean.

A party which has a burden of proof by a preponderance of the evidence has to produce evidence that, when considered in light of all of the facts, leads you to believe that what that party claims is more likely true than not. To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting the claims of the party must make the scales tip somewhat toward its side.

A party which has a burden of proof by clear and convincing evidence has to produce evidence making it highly probable that a fact is true. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

3

### 1.4.    Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath (including deposition transcript or previous trial transcript testimony that has been played or read to you), the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed. Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. And, sometimes I may have ordered you to disregard things that you saw or heard, or that I struck from the record.

Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

You must not conduct any independent research, investigation, or experiments about the case or its subject matter on your own. Make your decision based only on the evidence, as I have defined it here, and nothing else.

### 1.5.    Direct and Circumstantial Evidence

During the preliminary instructions, I told you about "direct evidence" and "circumstantial evidence." I will now remind you what each means.

Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe the testimony, directly proves a fact. For example, if a witness testified that he or she saw it raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of facts and circumstances that indirectly proves a fact. If someone walked into the Courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 1.6.   Consideration of Evidence

You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### 1.7.    Statements of Counsel

A further word about statements of counsel and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

Transition statements that the lawyers made when introducing witnesses are not evidence. These statements were intended to be non-argumentative and to provide you background information to understand who the witness is and something about their role in the trial.  You should not treat what the lawyer said about the witness as evidence.

### 1.8.    Credibility of Witnesses

You are the sole judges of each witness' credibility. You may believe everything a witness says, or part of it, or none of it. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave at the trial. You have the right to distrust such a witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

### 1.9.    Number of Witnesses

One more point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. Unless I instruct you otherwise, the testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary if after all of the other evidence you believe that single witness.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### 1.10.   Expert Witnesses

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. When knowledge of technical subject matter may be helpful to the jury, an expert is permitted to state an opinion on those technical matters.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

10

### 1.11.  Deposition Testimony

During the trial, certain testimony was presented to you by the reading of a deposition transcript or the playing of video excerpts from a deposition. The deposition testimony may have been edited or cut to exclude irrelevant testimony as the parties have only a limited amount of time to present you with evidence. You should not attribute any significance to the fact that the deposition videos or readings may appear to have been edited. Deposition testimony is out of Court testimony given under oath and is entitled to the same consideration you would give if the witness had appeared personally in Court.

**1.12.   Demonstrative Exhibits**

During the course of the trial, you have seen many exhibits. Many of these exhibits were admitted as evidence. You will have these admitted exhibits in the jury room for your deliberations. The remainder of the exhibits (including charts and animations) were offered to help illustrate the testimony of the various witnesses. Unless I have specifically admitted them into evidence, these illustrative exhibits, called "demonstrative exhibits," have not been admitted, are not evidence, and should not be considered as evidence. Rather, it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibits that is the evidence in this case.

### 1.13.   Use of Notes

You may use notes taken during trial to assist your memory. However, as I instructed you at the beginning of the case, you should use caution in consulting your notes. There is always a tendency to attach undue importance to matters that you have written down. Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later on in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory, and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

13

2.      **The Parties and Their Contentions**

2.1.      **The Parties**

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

The party that initiated this lawsuit is Sun Life Assurance Company of Canada, who I will refer to as Sun Life.  The party that Sun Life sued is U.S. Bank National Association, as Securities Intermediary, who I will refer to as U.S. Bank.

As you have heard, the claims that are the subject of this trial are actually counterclaims brought by U.S. Bank against Sun Life.  Therefore, for purposes of this trial, U.S. Bank is the plaintiff and Sun Life is the defendant.

You have heard references throughout this trial to U.S. Bank, as Securities Intermediary, and other references to U.S. Bank in some other capacity.  I instruct you that a securities intermediary is an entity that is the nominal owner of certain property, such as a life insurance policy, and holds that property for another person or entity, who is referred to as the beneficial owner.  Here, Sun Life sued U.S. Bank in its capacity as securities intermediary, and U.S. Bank in its capacity as securities intermediary filed the counterclaims that are the subject of this trial.

In these Final Jury Instructions, and in the Verdict Sheet you will be given, all references to "U.S. Bank" are references to U.S. Bank, as Securities Intermediary for FCI, unless I specifically tell you otherwise.

### 2.2.   The Parties' Contentions

In this case, you are being asked to decide the following issues:

1.      Did U.S. Bank prove by a preponderance of the evidence that Sun Life violated Massachusetts General Laws chapter 93A?

2.      If U.S. Bank did prove a violation of 93A, did Sun Life prove by clear and convincing evidence that U.S. Bank waived its right to assert its 93A claim?

3.      If U.S. Bank did prove a violation of 93A and Sun Life did not prove waiver, what amount of damages did U.S. Bank prove by a preponderance of the evidence?

4.      If U.S. Bank is entitled to damages for its 93A claim, what portion, if any, of those damages are for the premiums paid on the Policy?

5.      If U.S. Bank is entitled to damages for its 93A claim, did U.S. Bank prove by the preponderance of the evidence that Sun Life's conduct was willful or knowing?

6.      Did U.S. Bank prove by clear and convincing evidence that Sun Life is liable to U.S. Bank based on promissory estoppel?

7.      If U.S. Bank did prove promissory estoppel, did Sun Life prove by clear and convincing evidence that U.S. Bank acted with unclean hands or waived its right to assert its promissory estoppel claim?

3.      **Stipulations of Fact**

The parties have agreed that the following facts are true:

1.      On May 12, 2006, Sun Life issued Policy No. 020126153 in the amount of $10,000,000 on the life of Harriet Sol.

2.      The Court held that the Policy was void ab initio.

3.      When the Policy was issued, the owner and beneficiary was the Harriet Sol 2006 Family Trust.

4.      In September 2008, Sun Life processed and confirmed a change of the Policy's owner and beneficiary to the Sol 2008 Insurance Trust.

5.      In May 2009, Sun Life processed and confirmed a change of the Policy's owner and beneficiary to U.S. Bank.

6.      In August 2011, Sun Life processed and confirmed an assignment of the Policy as collateral security to U.S. Bank National Association, as Security Trustee.

7.      Sun Life received a total of $1,923,068.00 in premiums on the Policy. All premiums due on the Policy were paid.

8.      Since January 2014, U.S. Bank has owned the Policy as Securities Intermediary on behalf of Financial Credit Investment ("FCI").

9.      Harriet Sol died on November 21, 2016.

10.     Sun Life has not paid the $10,000,000 death benefit to U.S. Bank or anyone else.

You must therefore treat these facts as having been proved for the purposes of this case.

4.      **The Sol Policy**

Prior to this trial, the life insurance policy that has been referred to throughout this trial as the "Sol Policy" (and which I will refer to simply as "the Policy") was declared void *ab initio* for lack of insurable interest for reasons that did not involve U.S. Bank or Sun Life.  It is not your job to decide whether or not the Policy is valid or void, but rather to decide the remaining claims and defenses in this case.

It is also not your job to decide whether the premiums paid to Sun Life on the Policy should be returned, in whole or in part.  That is an issue the Court will decide after this trial.

However, as part of your consideration of whether U.S. Bank suffered damages, you may consider any premiums that were paid on the Policy.

I will now instruct you on the law you must apply in deciding those claims and defenses.

5.       **Chapter 93A Claim**

5.1.     **Unfair or Deceptive Acts or Practices**

U.S. Bank contends that Sun Life has committed unfair or deceptive acts or practices

within a business context in violation of Massachusetts General Laws Chapter 93A, § 11.

In considering this claim, you must first determine whether Sun Life engaged in a

deceptive or unfair act or practice. In other words, if Sun Life's conduct is such that a reasonable

businessperson would find it reprehensible, you may find that such conduct constitutes behavior

that is unfair or deceptive. Focus on the nature of the conduct and the purpose and effect of that

conduct. Keep in mind that even sophisticated businesspersons must deal with each other fairly.

A "deceptive" act or practice is simply one that has the capacity to deceive. An act or

practice is deceptive if it could reasonably cause a person to act differently from the way he, she

or it would have acted if he, she or it had known truth of the matter. It includes any

communication made with the intent to deceive the other person. However, an intent to deceive

is not always necessary. A negligent or careless misrepresentation of fact, the truth of which was

reasonably capable of ascertainment, may also be a deceptive act or practice.

A communication can be deceptive if it contains a half-truth or incomplete statement,

even if no affirmative misrepresentation is made. Conduct can be deceptive if it involves either a

false statement, or the failure to disclose facts necessary to make a statement not misleading.

To help you determine whether an act or practice was "unfair" (as opposed to deceptive),

ask yourself these three questions:

First, does it fall within some established concept of unfairness? For something to be

unfair, it does not need to violate some other law or government regulation; however, whether or

not it does is something you may consider. Not every illegal act is unfair. A material

misrepresentation falls within an established basis of unfairness.

18

Second, ask yourself whether Sun Life's act or practice was immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable. That obviously involves making a moral judgment about the ethics of the marketplace. You, the jury, are the collective conscience of the community. Use your common sense. Consider Sun Life's conduct in light of all the circumstances, keeping in mind that you must decide this question in the context of the commercial marketplace. An act that might be unfair in a business transaction with an unsophisticated consumer may not be unfair when it takes place in a transaction involving two sophisticated businesspersons.

Third, consider whether Sun Life's act or practice would cause substantial injury to competitors or other businesspersons.

### 5.2.    Primarily and Substantially in Massachusetts

In order for you to consider whether Sun Life's actions were unfair or deceptive in violation of Chapter 93A, you must determine whether those actions or transactions occurred "primarily and substantially" in Massachusetts. While there is no clear definition of what "primarily and substantially" means, there are several factors that you may consider in reaching your conclusion. Those factors include whether Sun Life was involved in similar transactions or actions in the past; whether Sun Life was motivated by business reasons in connection with taking those actions or being involved in those transactions, rather than personal reasons; where Sun Life's conduct took place; and where U.S. Bank was located when U.S. Bank suffered any loss of money or property as a result of Sun Life's actions or transactions. Sun Life has the burden of proving, by a preponderance of the evidence, that the unfair or deceptive actions or transactions did not primarily and substantially occur in Massachusetts.

**5.3.    Causation**

If Sun Life engaged in an unfair method of competition or used an unfair or deceptive act or practice, you must then determine whether U.S. Bank suffered any loss of money or property as a result of Sun Life's actions. In reaching your decision as to whether U.S. Bank suffered such a loss, have in mind that the term "money" means money, and it does not mean time or anything else. Also, have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, peace of mind, or personal liberty. What you are deciding at this point is whether Sun Life's conduct caused U.S. Bank to suffer a loss of money or property.

If you decide that there was a causal connection between Sun Life's unfair or deceptive acts or practices and a loss to U.S. Bank, you must next determine whether the loss was a foreseeable result of Sun Life's conduct. That is, even though a particular loss may have been caused by a particular act, the law treats that loss as being compensable only if the loss was reasonably foreseeable or, said another way, was a reasonably expected result of the act.

### 5.4.    Damages

If Sun Life committed an unfair or deceptive act or practice, U.S. Bank has a right to be compensated for any loss of money or property suffered as a result Sun Life's actions. In reaching your decision as to whether U.S. Bank suffered such a loss and, if so, what the amount of the loss is, have in mind that the term "money" means "money," and it does not mean time or anything else. Also have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, peace of mind, or personal liberty. What you are deciding at this point is what amount of money will fully and fairly compensate U.S. Bank for the losses it sustained as a result of Sun Life's actions.

**5.5.     Willfulness**

If you find that Sun Life's actions were unfair or deceptive, then you must go on to decide whether Sun Life willfully or knowingly committed that unfair or deceptive act or practice. U.S. Bank has the burden of proving, by a preponderance of the evidence, that Sun Life had a subjectively culpable state of mind. "Willful" or "knowing" requires something more than mere negligence.

An unfair or deceptive act or practice is "willful" if Sun Life intended to commit an unfair or deceptive act. An unfair or deceptive act is "knowing" if Sun Life, whatever its intent, knew that by doing so it was committing an unfair or deceptive act.

6.      **Promissory Estoppel**

    6.1.    **Elements of the Claim**

U.S. Bank alleges that Sun Life is liable to U.S. Bank for damages pursuant to the doctrine of promissory estoppel because Sun Life made promises to U.S. Bank about the Policy, including that the Policy was in "good standing," and U.S. Bank relied to its detriment on Sun Life's promises.

If someone makes a promise to a person who reasonably relies on that promise and who later takes an action to that person's detriment, then the one making the promise is obligated to fulfill the promise. A promise is a declaration by which a person agrees to perform or refrain from doing a specified act. Mere expressions of opinion, expectation, or assumption are not promises.

You must determine if U.S. Bank proved by clear and convincing evidence that Sun Life is liable to U.S. Bank for promissory estoppel.

7.    **Affirmative Defenses**

7.1.    **Unclean Hands**

Sun Life claims that U.S. Bank's promissory estoppel claim is barred by the doctrine of unclean hands.

A party has "unclean hands" where the party has committed an unconscionable act or engaged in reprehensible conduct that is closely connected to the matter that is the subject of this litigation. If Sun Life proves by clear and convincing evidence that U.S. Bank committed an unconscionable act or engaged in reprehensible conduct that is closely connected to the matter that is the subject of this litigation, then you may deny U.S. Bank relief on its promissory estoppel claim on that ground.

### 7.2.    Waiver

Sun Life claims that U.S. Bank has waived any right to assert any claims against Sun Life. Waiver is the voluntary relinquishment or abandonment of a legal right or advantage. A waiver may be expressly made or implied from conduct or other evidence. The party alleged to have waived a right must have known about the right and intend to give it up. If Sun Life proves these elements by clear and convincing evidence, you must find that U.S. Bank has waived any claims against Sun Life.

If you find Sun Life has proven waiver, in this case waiver is a defense to both U.S. Bank's 93A claim and U.S. Bank's promissory estoppel claim.

8.      <u>**Applicable Law**</u>

It may be helpful to understand what law is relevant to you in making your decision.

This case concerns a life insurance policy governed by Delaware law.  This Court was bound to follow that law, which includes the Delaware Supreme Court's decision in *Price Dawe*, in deciding whether the Policy was valid.

Also in this case, U.S. Bank asserts a Massachusetts state law claim under Ch. 93A. This Court, and you, are bound to follow Massachusetts law in deciding that claim.

References have been made in this trial to decisions by other courts, including the *Malkin* and *Van de Wetering* opinions.  These opinions were issued by courts in other jurisdictions and do not bind this Court or you in deciding this case.

## 9.   Deliberations and Conduct of the Jury

### 9.1.   Introduction

I have completed my instructions on the law. I will end by explaining how you will conduct your deliberations in the jury room and about your possible verdicts.

When you start deliberating, do not talk to the jury officer, to me, or to anyone but each other about the case. If you have any questions or messages, you must write them on a piece of paper, sign them and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. Your votes should stay secret until you are finished.

### 9.2.    Unanimous Verdict

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinions, if convinced they are erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. I will review it with you in a moment. You will take the form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form. You will then return to the Courtroom and my deputy will read aloud your verdict. Place the completed verdict sheet in the envelope we will give you. Do not show the completed verdict form to anyone or share it with anyone until you are in the Courtroom.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. Determining what the verdict shall be is your sole and exclusive duty and responsibility.

### 9.3.    Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself.

### 9.4. Social Media

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cellphone, smartphone, tablet or computer, the Internet, any Internet service, any text or instant messages service, any Internet chatroom, blog or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, or Instagram to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

### 9.5.    Court Has No Opinion

Let me finish by repeating something I have said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourself based on the evidence presented.