# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY CANADA, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 17-75-LPS |
| U.S. BANK NATIONAL ASSOCIATION, as Securities Intermediary, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this **14th** day of **June, 2019**:

Having reviewed the parties' briefing (D.I. 260, 266) and joint status report (D.I. 277),

**IT IS HEREBY ORDERED** that:

1. The parties shall file their respective damages and premium return briefing according to the joint proposed schedule, which shall include one opening brief of no more than 20 pages, one responsive brief of no more than 20 pages, and one reply brief of no more than 10 pages.

2. U.S. Bank's affirmative defenses of waiver and estoppel are no longer pending. By granting summary judgment in favor of Sun Life (D.I. 191, 192), the Court rejected U.S. Bank's waiver and estoppel defenses, which would have otherwise prevented the Court from granting summary judgment to Sun Life.

3. Should either side wish to file any post-trial motions, it shall do so according to the same agreed-upon schedule for the briefing ordered in paragraph 1 of this Order. No matter how many such motions a party files, the briefing on all motions filed by a party shall not exceed

a total of 20 pages for opening briefs, 20 pages for answering briefs, and 10 pages for reply briefs.

   4.  The Court will schedule oral argument after receiving the briefing, if necessary.

   5.  Having reviewed the parties' joint status report (D.I. 277) and having presided over the jury trial that concluded on May 29, I want to share with you my present inclinations with respect to the motions the parties anticipate filing. I set forth below briefly how I see the issues as of today. What I say below is not an order.

    a.  With respect to the issue of damages and premium return, my inclination is not to grant expectation damages, but at most reliance damages. The extent of damages will likely impact the premium return.

    b.  I am also inclined to deny any renewed motion for judgment as a matter of law under Rule 50(b). For the reasons stated in the Court's May 17 Memorandum Opinion (D.I. 251), there is sufficient evidence from which a reasonable factfinder could conclude that Sun Life made a promise apart from the void *ab initio* contract to induce the payment of premiums.

The views I am expressing here are merely inclinations and are subject to change after I review the full briefing on any motions that are filed. Nevertheless, I thought it would be useful for the parties to know my present impressions.

                    _____
                     UNITED STATES DISTRICT JUDGE